## HORNER *v.* HARVEY.

Filed January 13, 1885.

INNKEEPERS—GUESTS—LOSS OF GOODS—DAMAGES.

    An employe of a railroad company, making his regular trips and stopping over at the end of his route at the hotel, where he rents a room by the month, is not a guest, in the legal sense, which fixes the liability of the innkeeper as an insurer of his property, and cannot maintain an action for damages against the innkeeper for the loss or injury to the same.

*Assumpsit.* Appeal from the Third judicial district court, Grant county.

*Murat Masterson,* for plaintiff and appellee.

*Conway & Posey,* for defendant and appellant.

AXTELL, C. J. The facts in this case are substantially as follows: Harvey was a hotel-keeper at Deming, the terminus of the Atchison, Topeka & Santa Fe Railroad. Horner was employed as conductor on said railroad, and Deming was at one end of his route. He and some other conductors rented a room in Harvey's hotel at a specified rate per month, and, when at Deming, used this room both as a sleeping-room and as a place where they could make up their accounts, and also as a place where they could receive their friends, and for social amusements. When the train was in, and his duties for the trip were over, he came to this room at his pleasure. The key was always left in the door. He did not register at the office of the hotel, nor did he inform any one of his arrival. He took his meals wherever he pleased,—sometimes at the hotel restaurant, where he had specified rates, and sometimes in the town. This method of living at this hotel had continued for about four months, when he came one morning, bringing with him a satchel containing over $700 in gold coin. He went directly to his room. He was asked, "How did you get in?" "I went to the door, rapped on it, and waked up the conductor who was sleeping in there. There was always a conductor there, in the absence of others. After he made his run, he would use the room, and when the next conductor came down he would occupy the room in his place." He took his satchel, with the coin in it, into this room, and that night his satchel was opened and the coin stolen. No one connected with the hotel was informed by him that he had this money till after it was lost.

There was evidence and argument as to gross carelessness upon the part of plaintiff, but, in the view we take of this case, it is not necessary to refer to this. The primary question in the case is, was the relation between the parties that of innkeeper and guest? If we decide this question in the negative, it will not be necessary for us to go further. The answer to this question, after certain facts found and admitted, is a question of law, to be decided by the court. The liability of innkeepers is strict, and justly so; but it is a liability limited to their relation to travelers or wayfaring men. The law of civilized countries benignantly protects men away from home, and

from those resources with which the denizen or citizen can guard himself from wrong, and protect his property from loss or injury. When the traveler comes to an inn and is accepted, he instantly becomes a guest; the innkeeper, when he accepts him and his goods, becomes his insurer, and the innkeeper must answer in damages for the loss or injury of all goods, money, and baggage of his guest, brought within his inn and delivered into his charge and custody, according to the usage of travelers and innkeepers; but he must be a guest, and before he can be a guest he must be a traveler.   When he ceases to be a traveler, or a transient or wayfaring man, and takes up a permanent abode even in an inn, he ceases to be an object of the law's especial solicitude, and he is no longer a guest, but a boarder; no longer a traveler, but a citizen.

In considering the liabilities of innkeepers in this connection, the words "traveler" and "guest" are always used correlatively.   At common law the innkeeper was compelled to furnish lodging and entertainment for travelers and passengers, and he was bound to protect the property they brought with them, when delivered into his care, and was liable if it was lost or injured.   The length of time a man is at an inn makes no difference, so he retains his character as a traveler. Officers of the army and navy, and sailors and soldiers, are to be considered, *prima facie*, travelers and wayfarers; and it was upon this distinction that the case of *Hancock* v. *Rand*, 94 N. Y. 1, was decided; but are the employes of railroads engaged in running trains to be so considered?   An engineer or conductor, who follows his employment, and runs his regular trips, stopping over at each end of his route, either at his own house or at a hotel, is neither a traveler, a wayfaring man, nor a transient person.   He is a citizen of the community at both ends of his route.   The fact that he works upon a train which runs 30 miles an hour does not make him a traveler any more than if he worked in the company's shops.   If he goes to a hotel and rents a room by the month, he is no more a guest, in the legal sense which fixes the liabilities of innkeepers, than if he were a mechanic in the shops, or a permanent citizen of the place.   If Horner was not a traveler, he could not be a guest; and if he was not a guest, he could not maintain this action.   On the evidence in this case, there was nothing for a jury to consider.   It is a conclusion of law, from the facts disclosed by his own evidence, that Horner was not a guest, and the court should have directed a verdict for defendant.

The judgment of this court is that the judgment of the district court be reversed, and the action dismissed; and that defendant recover his costs, both in the district and supreme courts to be taxed; and that he have execution for the same.

WILSON, J., concurs.